UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LINDA CLEVELAND | CIVIL ACTION NO. 07-0119 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNION GENERAL HOSPITAL, ET AL. | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Before the Court is Plaintiff Linda Cleveland's ("Cleveland") Motion for Injunctive Relief [Doc. No. 12] and Appeal of Magistrate's Orders [Doc. No. 14]. Cleveland requests an injunction entering default against Defendants because the Clerk of Court ("Clerk") has constructive notice that Defendants are in default. Cleveland also appeals Magistrate Judge Karen L. Hayes' March 23, 2007 Order denying Cleveland's Motion to Permit Filing Without Local Counsel and April 4, 2007 Order granting Defendants' motion for extension of time to answer. Cleveland argues that she was prejudiced by her inability to enter default without local counsel's signature, denied an opportunity to respond to Defendants' motion, and Defendants failed to show their untimeliness was the result of "excusable neglect" under Federal Rule of Civil Procedure 6(b). Defendants filed an opposition responding that constructive notice does not warrant entry of default, Cleveland failed to show she was prejudiced or that her local counsel would fulfill his obligations to this Court, and their failure to timely answer is excusable [Doc. No. 18]. Cleveland filed a reply [Doc. No. 24].

For the following reasons, Cleveland's Motion for Injunctive Relief and Appeal of Magistrate's Orders are DENIED, and Magistrate Judge Hayes' March 23 and April 4, 2007

1

Orders are AFFIRMED.

I.     **MOTION FOR INJUNCTIVE RELIEF**

Cleveland requests an injunction ordering the Clerk to enter default against Defendants.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

Cleveland argues that she requested leave to file a motion for default without the signature of local counsel in her Motion to Permit Filing Without Local Counsel [Doc. No. 7]. Therefore, the Clerk was on constructive notice that Defendants were in default and required to enter default under Rule 55(a). Defendants respond that Cleveland's request for permission to submit a motion for default could not "make it appear" to the Clerk that default was warranted or requested under Rule 55(a).

Cleveland has provided no authority for her argument that constructive notice warrants an immediate entry of default. Additionally, the Local Rules provide that a party seeking default must file an application with the Clerk for entry of default. See LR 55.1M&W. In this case, no application was filed, and, appropriately, no default was entered.

Cleveland's Motion for Injunctive Relief is DENIED.

II.     **APPEAL OF MAGISTRATE'S ORDERS**

    A.     **Motion To Permit Filing Without Local Counsel**

Cleveland appeals Magistrate Judge Hayes' March 23, 2007 Order denying Cleveland's Motion to Permit Filing Without Local Counsel [Doc. No. 7].

Under the Local Rules, the Court may waive the requirement that local counsel sign

pleadings when it is shown that "[t]he party would suffer hardship by joinder of local counsel[, and] [t]he obligations and duties of counsel in the particular litigation will be fulfilled." LR 83.2.7.

Cleveland argues that she is entitled to a waiver because her former local counsel refused to sign the motion for default, and her out-of-state counsel certified that he is competent and aware of local rules in his motion for admission pro hac vice. Defendants respond that Cleveland was not prejudiced by the denial as she quickly retained alternate local counsel to sign motions on her behalf.

The requirement that local counsel be associated with out-of-state counsel appearing pro hac vice has been approved by the United States Supreme Court, Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 286 (U.S. 1985) (dicta), and the Fifth Circuit, Sanders v. Russell, 401 F.2d 241, 248 (5th Cir. 1968). Further, the district court enjoys reasonable discretion in the enforcement of its local rules. Macklin v. City of New Orleans, 293 F.3d 237, 240 (5th Cir. 2002) (citing Rushing v. Kansas City S. Ry. Co., 185 F.3d 496, 509 (5th Cir. 1999)). Local counsel's refusal to sign the initial request for default, alone, does not constitute the type of hardship that warrants an exception to Local Rule 83.2.7. Therefore, Cleveland has not shown that Magistrate Judge Hayes abused her discretion by declining to waive the requirement for local counsel.

Magistrate Judge Hayes' March 23, 2007 Order is AFFIRMED, and Cleveland's appeal is DENIED.

  B.  **Motion For Extension of Time to Answer**

Cleveland appeals Magistrate Judges Hayes' April 4, 2007 Order granting Defendants'

motion for extension of time to answer [Doc. No. 10].

The court may grant an extension of time to answer "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b).

Cleveland claims that she was not afforded an opportunity to respond to Defendants' motion as required by due process, and Defendants failed to show their untimeliness was the result of excusable neglect.[1] Cleveland argues that Defendants failed to timely answer after they had notice of the pending default and had obtained an extension of time to do so.[2]

Defendants respond that, although due process generally requires notice and an opportunity to respond, the notice and opportunity given must be "appropriate to the nature of the case." Armstrong v. Manzo, 380 U.S. 545, 550 (1965) (quoting Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 313 (1950)). Neither Federal Rule of Civil Procedure 7 nor Local Rule 7.4 require a mandatory hearing, and it is the practice of this Court to decide a motion based on the written submissions. Assuming, arguendo, that Magistrate Judge Hayes erred in granting the extension and a default would have been entered, Defendants argue that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect

---

[1] Cleveland also complains that Defendants failed to attach a memorandum per Local Rule 7.4 and obtain a certificate of opposition per Local Rule 7.9W. The Court finds that these defects were harmless. While Defendants failed to attach a memorandum in support of their motion, their arguments were incorporated into the text of the motion. Defendants' docket sheet entry stating that "consent sought but not obtained" may have been inaccurate; however, Defendants did not claim that they tried to obtain consent in the text of the motion.

[2] Defendants were required to answer by February 19, 2007. On or about March 6, 2007, Defendants requested a two-week informal extension. On March 22, 2007, Cleveland filed a motion requesting leave to file an application for default without the signature of local counsel. On March 28, 2007, Cleveland's Complaint was forwarded to Defendants' current trial attorney. On April 3, 2007, Defendants requested a formal extension.

the substantial rights of the parties." See Fed. R. Civ. P. 61. This error, if any, did not affect Cleveland's "substantial rights" as Defendants meet the "good cause" standard for setting aside a default under Federal Rule of Civil Procedure 55(c).

Local Rule 7.9E&M allows the Court to grant an extension of time to plead by ex parte order where the opposing party has not filed an objection. The docket sheet entry accompanying Defendants' motion, however inaccurate, stated that consent was not obtained. Therefore, Magistrate Judge Hayes should have afforded Cleveland an opportunity to respond in writing before granting the extension. However, this error did not affect Cleveland's substantial rights as Defendants meet the less stringent standard for setting aside a default under Rule 55(c).

Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant. . . failed to meet a procedural time requirement." Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (internal citations omitted). "[W]here there are no intervening equities[,] any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." Id. The court should consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Id. (internal citations omitted). "Other factors may also be considered, including whether the defendant acted expeditiously to correct the default." Id.

While Defendants delayed in filing and obtaining counsel, Defendants' deficiencies were not willful or intentional. Defendant Union General Hospital referred Cleveland's Complaint to its insurance company for handling and defense. The insurance company took no action and belatedly informed Defendants of their decision not to pursue a defense. Thereafter, Defendants

contacted opposing local counsel and acted in good faith to correct their failure by requesting informal and formal extensions of time to answer. Though this action has been delayed, "setting aside of the default [will do] no harm to plaintiff except to require it to prove its case. . . . All that . . . [will be] done is to give the defendants their day in court." Therefore, Cleveland would not be prejudiced by setting aside the default. Id. at 293 (internal citations omitted). Further, there has been no indication that Defendants lack a meritorious defense. Accordingly, Cleveland's substantial rights were not affected by granting the extension of time to answer. See Fed. R. Civ. P. 61.

Magistrate Judge Hayes' April 4, 2007 Order is AFFIRMED, and Cleveland's appeal is DENIED.

### III.   CONCLUSION

For the foregoing reasons, Cleveland's Motion for Injunctive Relief [Doc. No. 12] and Appeal of Magistrate's Orders [Doc. No. 14] are DENIED, and Magistrate Judge Hayes' March 23 and April 4, 2007 Orders are AFFIRMED.

MONROE, LOUISIANA, this 15th day of May, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE