IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **LINDA CLEVELAND** | * | **CIVIL ACTION NO. 07-00119** |
| **VERSUS** | * | **JUDGE JAMES** |
| **UNION GENERAL HOSPITAL, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss (Doc. #34) brought by defendants Union General Hospital, Union General Hospital, Inc., and Darra Jung.  For reasons stated below it is recommended that the motion be **GRANTED IN PART** and **DENIED IN PART**.

<u>BACKGROUND</u>

Plaintiff Linda Cleveland filed a complaint on January 22, 2007, alleging nine counts arising from her employment at defendant Union General Hospital.  Cleveland contends that she was discriminated against based on her race when the defendants failed to promote her, retaliated against her, created a hostile work environment, and constructively discharged her.  Cleveland brought the suit under 42 U.S.C. § 1981; § 1983; § 1985; The Equal Pay Act, 29 U.S.C. §§ 201-09 and 206(d); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; and various state laws.[1]

In the instant motion, defendants seek dismissal of counts one, two, four, five, six, seven,

---

[1] In the complaint, Cleveland also states that the claims are brought under § 1988 and the Fourteenth Amendment, neither of which, in isolation, gives rise to a cause of action.

eight, and nine of the complaint.[2] Defendants assert several bases in support of the motion; each is considered *infra*. While plaintiff opposes the motion, she responded to only one of defendants' arguments. (*See* Doc. #38).

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." In evaluating a motion to dismiss, courts "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### I. Count One

In count one, plaintiff alleges a "violation of the right to be free from race discrimination." (Doc. #1, p.5). Defendants argue two bases for dismissal of count one: (A) it is duplicative; and (B) it is time-barred.

#### A. Motion to Dismiss Count One as Duplicative

Defendants compare count one with count three, pointing to the fact that there are only minor differences in the wording of the two counts. Based on the similarity, defendants move to dismiss count one. Given the nature of defendants' objection, however, the proper motion is a motion to strike under Rule 12(f).

Rule 12(f) states that "the court may order stricken from any pleading any insufficient

---

[2] Count three, in which plaintiff alleges a violation of Title VII, is not subject to the instant motion to dismiss.

defense or any redundant, immaterial, impertinent, or scandalous matter." Count one, however, is not entirely redundant. Instead, as the defendants acknowledge, count one differs from count three in that it does not limit the avenue for relief. Count three, on the other hand, is specifically brought under Title VII. Hence, to strike count one would be to deprive plaintiff of the ability to bring suit under the other statutes listed in the complaint. This court cannot recommend striking a count that provides a distinct basis for recovery, solely to reduce redundancy.

### B. Motion to Dismiss Count One as Time-Barred

Since plaintiff did not specify the statute under which count one is brought, it is necessary to consider the statute of limitations for each statute listed in the complaint (excluding Title VII). The Louisiana prescriptive period for delictual actions is one year. La. CIV CODE ANN Art. 3492; *Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007). As there is no prescriptive period listed in § 1983, the forum state's prescriptive period for personal injury torts is used. *Bourdais*, 485 F.3d at 298; *see City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005). Likewise, the same prescriptive period applies if the claim is brought under § 1985. *Moreno v. Curry*, No. 4:06-CV-238-Y, 2006 U.S. Dist. LEXIS 81416 (N.D.Tex. Nov. 7, 2006); *Allen v. Winfield*, No. 3:04-CV-2504-B, 2006 U.S. Dist. LEXIS 42840 (N.D.Tex. June 12, 2006). Thus, to the extent count one is brought under Louisiana law, § 1983, or § 1985, the prescriptive period is one year.

Plaintiff may have intended to bring count one under § 1981 as well. The statute of limitations under § 1981 is either one year or four years, depending on the type of claim. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004). The one-year prescriptive period applies when the cause of action could have been brought under § 1981 before it was

amended by the Civil Rights Act of 1991 (1991 Act), 105 Stat. 1071. *Id.* On the other hand, where a plaintiff's claim was made possible by a post-1990 enactment, including the 1991 Act, 28 U.S.C.S. § 1658's four-year statute of limitations applies. *Id.*

Originally, § 1981 prohibited racial discrimination only "in the making and enforcement of private contracts." *Patterson v. McLean Credit Union*, 491 U.S. 164, 172 (1989). Consequently, where a suit is for failure to enter into a new contract, the Louisiana prescriptive period of one year applies. *Johnson v. Crown Enters.*, 298 F.3d 339, 341 (5th Cir. 2005). Only after the 1991 Act did § 1981 "extend . . . to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Patterson*, 491 U.S. at 177. Thus claims arising from a "hostile work environment, wrongful termination, and failure-to-transfer" were rendered actionable by the 1991 Act. *Jones*, 541 U.S. at 383. As a result, such claims are governed by § 1658's four-year statute of limitations. *Id.*

Turning to the case at hand, the relevant chronology entails that count one is time-barred to the extent it is governed by a one-year statute of limitations. Cleveland worked at Union General Hospital from February 8, 2005, through October 2005. The final alleged misconduct occurred in October 2005. The complaint in this case was filed on January 22, 2007. Hence, the complaint was filed more than one year after the alleged misconduct took place.[3]

Since plaintiff filed the complaint more than a year after the alleged misconduct transpired, her claims under § 1983, § 1985, and Louisiana law are time-barred. Plaintiff's

---

[3] An employee's claim is mature at the time of the misconduct; "the violation is not a continuing one." *See Taylor v. Bunge Co.*, 775 F.2d 617, 618 (5th Cir. 1985).

claims under § 1981 will be time-barred as well unless they were made possible by the enactment of the 1991 Act. If that is the case, the four-year statute of limitations will apply and the claims will not be time-barred.

In count one of the complaint, plaintiff incorporates "each and every allegation and averment set forth" in the "Factual Allegations" section. (Doc. #1, p. 5). To the extent that count one alleges a hostile work environment or constructive discharge, the four-year statute of limitations applies. Accordingly, those claims are not time-barred and should not be dismissed.

Plaintiff also brings a failure to promote claim. Such claims can be governed by either the one-year or four-year statute of limitations, depending on whether the "the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer." *See Patterson*, 491 U.S. at 172. To determine whether the promotion reaches that level, courts must perform a "fact-specific examination into employee's duties, pay, and responsibility before and after the promotion." *See Johnson v. Uncle Ben's*, 965 F.2d 1363, 1370 (5th Cir. 1992).

In this case, however, there is insufficient information to perform such an examination because the complaint does not set forth the facts in sufficient detail. (*See* Doc. #1, p.3-5 (contending that "Cleveland was a part time worker and . . . asked the Supervisor for a full-time position.")). Furthermore, this court recognizes the Fifth Circuit's consistent urging to "trial courts to pause long, before granting motions to dismiss on the face of the pleadings." *Jones v. United States*, 729 F.2d 326, 330 (5th Cir. 1984). Given the lack of available information, this court is unable to recommend dismissal of count one.

Plaintiff contends that her claims are not time-barred because the Louisiana prescriptive

period was tolled by the filing of the Equal Opportunity Employment Commission (EEOC) complaint against the defendants. (Doc. #38, p.2). This contention is plainly inconsistent with the jurisprudence of the United States Supreme Court and the Fifth Circuit. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975) (holding that the filing of an EEOC complaint did not toll the statute of limitations); *Drury v. U.S. Army Corps of Engineers*, 359 F.3d 366, 368 (5th Cir. 2004) (citing *Taylor*, 775 F.2d at 618-19) (explaining that "prior cases hold that federal administrative claims filed with the [EEOC] . . . do not interrupt prescription for [Louisiana] state law claims.").

Plaintiff recognized this inconsistency, arguing that "subsequent rulings" make reliance on that jurisprudence "misplaced." (Doc. #1, p.1). The only "subsequent ruling" that plaintiff cites, however, is *Fid. & Deposit Co. v. FitzGerald Contrs., Inc.*, 439 F.3d 212 (5th Cir. 2006). Plaintiff's reliance on *FitzGerald* is troubling for several reasons. First, *FitzGerald* does not alter the jurisprudence governing tolling of the Louisiana prescriptive period. Indeed, since the tolling issue is governed primarily by state law, the court likely could not have done so. *See Jones*, 421 U.S. at 465. This point leads to the second problem with plaintiff's argument. The *Fitzgerald* court relied on *Nini v. Sanford Bros., Inc.*, a Louisiana Supreme Court case. 276 So. 2d 262 (La. 1973), *cited by FitzGerald*, 439 F.3d at 218-19. *Nini* was decided in 1973, before the Fifth Circuit cases plaintiff would have this court decline to follow. Logic dictates that the Fifth Circuit would not abandon its previous decisions in reliance on a case decided many years before those rulings. Finally, in *FitzGerald*, the sole case plaintiff cites in support of her argument, the court reiterated the fact that

> ***Nini* is, of course, not without its limits. Certain federal administrative**

6

> **actions will not interrupt prescription of state law claims.** In *Drury*, we determined that a suit under the Federal Tort Claims Act did not interrupt prescription for a state tort suit. *Drury*, 359 F.3d at 368-69. Likewise, in *Fitzgerald v. United States Department of Veterans Affairs*, we noted that no authority supported the proposition that filing an administrative Title VII complaint would interrupt prescription of state law discrimination claims. 121 F.3d at 210. The lynchpin, again, is notice to the defendant.

*FitzGerald*, 439 F.3d at 219. This language directly contradicts plaintiff's argument that defendants' reliance on *Drury* "is misplaced" in light of *FitzGerald*. (Doc. #38, p.1). As a result, it is recommended that count one be dismissed except to the extent it is based upon § 1981.

### II. Count Two

In count two, plaintiff alleges that defendants violated the Equal Pay Act, 29 U.S.C. §§ 201-209. In response, defendants move to dismiss the count on the basis that it lacks supporting factual allegations. Dismissal is proper where the complaint lacks an allegation regarding a required element. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The Equal Pay Act states that "[n]o employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees *on the basis of sex*." § 206(d)(1) (emphasis added); *see also Peters v. Shreveport*, 818 F.2d 1148, 1153 (5th Cir. 1987) (the statute "proscribes discrimination between employees on the basis of sex.").

Plaintiff does not allege discrimination on the basis of sex, or that she received less pay than male employees performing the same work. Instead, the only other employees identified in the complaint are distinguished by race, appear – based on their names[4] – to be female, and are

---

[4] Plaintiff lists Rhonda Tucker, Michelle Label, Wilma Thrasher as persons selected for jobs over herself.

alleged to have been given jobs to which the plaintiff believes she was entitled, not more pay for the same job. Consequently, it is recommended that count two be dismissed since it lacks an allegation regarding a required element of the claim.

### III.    Count Four

In count four, plaintiff alleges a violation of her right to be free from race discrimination under § 1981. Specifically, plaintiff claims that her "right to be free from retaliation was violated." (Doc. #1, p.7). Defendants contend that count four should be dismissed because plaintiff failed to plead facts in support of the claim.

"To establish a claim for retaliation under . . . § 1981, a plaintiff must demonstrate that . . . he engaged in a protected activity." *Mayberry v. Mundy Contract Maint. Inc.*, 197 F. App'x 314, 317 (5th Cir. 2006). Protected activity consists of opposition to an unlawful employment practice. 42 U.S.C. § 2000e; *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 755 (5th Cir. 2005). In the complaint, plaintiff does not allege that she engaged in any protected activity. Indeed the only action of hers listed was the request for promotion. Such a request does not constitute protected activity. *See id.* Consequently, it is recommended that count four be dismissed for plaintiff's failure to allege a required element necessary to obtain relief.

### IV.    Count Five

In count five, plaintiff alleges that she was subjected to a conspiracy to violate her civil and constitutional rights in violation of § 1985. As stated *supra*, the prescriptive period for § 1985 is one year. *See Moreno v. Curry*, 2006 U.S. Dist. LEXIS 81416; *Allen v. Winfield*, 2006 U.S. Dist. LEXIS 42840. Since the complaint was filed more than one year after the alleged misconduct took place, count five is time-barred. As a result, it is recommended that count five

be dismissed.

## V. Count Six

In count six, plaintiff alleges a violation of her right to be free from race discrimination in violation of Louisiana law. As stated *supra*, the Louisiana prescriptive period for such actions is one year. La. CIV. CODE ANN. Art. 3492; *Bourdais*, 485 F.3d at 298. Since the complaint was filed more than one year after the alleged misconduct took place, count six is time-barred. As a result, it is recommended that count six be dismissed.

## VI. Count Seven

In count seven, plaintiff alleges the tort of wrongful constructive discharge in violation of Louisiana law. For identical reasons as set forth in Part V *supra*, it is recommended that count seven be dismissed. *See Davis v. Hibernia National Bank*, 732 So. 2d 61, 63-64 (Ala. Civ. App. 1999).

## VII. Count Eight

In count eight, plaintiff alleges that she was subjected to a conspiracy to violate her civil and constitutional rights in violation of Louisiana law. Louisiana, however, does not recognize a civil action for conspiracy. *Louisiana v. McIlhenny*, 9 So. 2d 467 (La. 1942). Consequently, it is recommended that count eight be dismissed pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a claim upon which relief can be granted. In addition, such a claim would be time-barred even if it were actionable under Louisiana law. *See supra* Part V.

## VIII. Count Nine

In count nine, plaintiff alleges the torts of intentional and negligent infliction of emotional distress in violation of Louisiana law. For identical reasons as set forth in Part VI supra (and assuming that a negligent infliction of emotional distress claim would even exist under Louisiana

Law), it is recommended that count nine be dismissed as untimely.

For the aforementioned reasons **IT IS RECOMMENDED** that defendants' motion to dismiss be **GRANTED** as to counts two, four, five, six, seven, eight, and nine.  **IT IS FURTHER RECOMMENDED** that defendants' motion to dismiss be **GRANTED IN PART** as to count one to the extent it is based upon Louisiana law, § 1983, or § 1985.  Finally, **IT IS RECOMMENDED** that defendants' motion to dismiss be DENIED, **IN PART** as to count one to the extent that it is based upon § 1981.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of November, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE